UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| STATE AUTOMOBILE MUTUAL<br>INSURANCE COMPANY<br>518 East Broad Street<br>Columbus, Ohio 43215<br><br>*Plaintiff*<br><br>v.<br><br>OLD REPUBLIC INSURANCE COMPANY<br>133 Oakland Avenue<br>Greensburg, Pennsylvania 15601<br><br>    Serve on:<br>    Therese M. Goldsmith, Commissioner<br>    Maryland Insurance Administration<br>    200 St. Paul Place, Suite 2700<br>    Baltimore, Maryland 21202<br><br>And<br><br>FIDELITY ENGINEERING CORP.<br>25 Loveton Circle<br>Sparks, Maryland 21152<br><br>    Serve on:<br>    H. Thorne Gold<br>    25 Loveton Circle<br>    Sparks, Maryland 21152<br><br>And<br><br>AMCP-1, LLC<br>8200 Columbia Parkway, Suite 400<br>Columbia, Maryland 21045<br><br>    Serve on:<br>    Christopher W. Kurz<br>    906 Poplar Hill Road<br>    Baltimore, Maryland 21210<br><br>*Defendants*<br>_____/ | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*  Case No._____<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

**COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF**

COMES NOW the Plaintiff, State Automobile Mutual Insurance Company ("State Auto"), by and through its undersigned attorneys, and files this Complaint for Declaratory and Other Relief against the Defendants and states:

**PARTIES, JURISDICTION AND VENUE**

1. State Auto is a corporation organized and existing under the laws of Ohio, with its principal place of business located in Columbus, Ohio.

2. Old Republic Insurance Company ("Old Republic") is a corporation organized and existing under the laws of Pennsylvania, with its principal place of business in Greensburg, Pennsylvania.

3. Fidelity Engineering Corp. ("Fidelity") is a corporation organized and existing under the laws of Maryland, with its principal place of business in Sparks, Maryland.

4. AMCP-1, LLC ("AMCP") is a corporation organized under the laws of Maryland, with its principal place of business in Columbia, Maryland.

5. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000) exclusive of costs.

6. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this claim occurred in this district.

7. This is an action for declaratory judgment pursuant to 28 U.S.C. §2201 for the purpose of determining questions in actual controversy between the parties concerning the defense and/or indemnification Fidelity.

## THE UNDERLYING ACTION

8. AMCP contracted with non-party Holland Construction Corporation to build a retail office building in Anne Arundel County, Maryland (the "Project").

9. Hostetter subcontracted with Fidelity to provide certain plumbing and mechanical/HVAC in connection with the Project.

10. Fidelity was named as a defendant in the action captioned *AMCP-1, LLC v. Fidelity Engineering Corp.*, filed in the Circuit Court for Anne Arundel County, Case No. 02-C-13-181445 (the "Underlying Action"). A true and correct copy of the Amended Complaint is attached hereto as Exhibit A.

11. The Underlying Action, brought by AMCP, alleges that during the Spring of 2010, one of AMCP's retail tenants experienced a failure of the system's pipes.

12. The Underlying Action further alleges that during the process of evaluating the failure, Fidelity learned that it had failed to treat the System's water since start-up resulting in damage to the pipes and HVAC equipment.

## THE POLICIES

### a. State Auto Policies

13. State Auto issued Policy No. SPP 2552439 to Fidelity for the periods April 1, 2010 to April 1, 2011, April 1, 2011 to April 1, 2012 and April 1, 2012 to April 1, 2013 and April 1, 2013 to April 1, 2014, copies of which are attached hereto as Exhibits B, C, D and E respectively.

14. The Commercial General Liability Coverage form, **CG 00 01 12 04**, contains the following coverage grant:

**SECTION I – COVERAGES**
**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

    a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and the duty to defend any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property" damage to which this insurance does not apply. We may at our discretion investigate any "occurrence" and settle any claim or "suit" that may result….

    b.  This insurance applies to "bodily injury" and "property damage" only if:
    
    **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
    **(2)** The "bodily injury" or "property damage" occurs during the policy period; and
    **(3)** Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part.  If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

    c.  "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

    d.  "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II – Who is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

4

        **(1)**     Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;
        **(2)**     Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or
        **(3)**     Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

15.     The Commercial Umbrella Coverage form, CXS 00 01 01 08, contains the following coverage grant:

> **Coverage A Bodily Injury And Property Damage Liability**
>
> **1.**     **Insuring Agreement**
> **a.** We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies. We will have the right to associate with the "underlying insurer" and the insured to defend against any "suit" seeking those damages….
>
> **b.** It is agreed that this insurance only applies if:
>     **(1)** The "bodily injury" or "property damage" occurs during the policy period of this policy;
>     …
>     **(3)** The "bodily injury" or "property damage" is caused by an "occurrence", and such "occurrence" takes place in the "coverage territory".
>     **(4)** Prior to the policy period, no insured listed under Paragraph **1** of **Section III –** Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.
>
> **d.**     "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1** of Section **III –** Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:
> (1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;
> (2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

      **b.**      **<u>Old Republic Policies</u>**

16. Old Republic Insurance Company issued general liability policy number MWCY 58276 Fidelity for the period April 1, 2009 to April 1, 2010.

17. State Auto does not have a copy of the Old Republic policy. However, a copy of Old Republic's letter dated March 4, 2014 denying coverage for the claims asserted in the Underlying Action is attached hereto as Exhibit F.

**DEFENSE OF FIDELITY**

18. Old Republic Insurance Company ("Old Republic") denied coverage and refused to participate in the defense of Fidelity.

19. State Auto has agreed to provide a defense to Fidelity in the Underlying Action pursuant to a full Reservation of Rights.

**COUNT I**
**DECLARATORY RELIEF**

20. State Auto adopts by reference the allegations in paragraphs 1 to 19 as if fully set forth herein.

21. The losses alleged in the Underlying Action occurred in whole, or in part, before the State Auto policies incepted on April 1, 2010.

22. State Auto has no duty to pay for any damages that occurred prior to its policy period.

23. Further, State Auto contends that the allegations of the Underlying Action trigger a duty to defend under the Old Republic policy.

24. There is a dispute as to how the policies issued by State Auto and Old Republic will respond to the loss.

WHEREFORE, State Auto prays for the following relief:

a. That this Court declares the rights, duties and obligations of the parties;

b. That this Court declares that Old Republic owes Fidelity a full defense and indemnification in the Underlying Action;

c. In the alternative, that this Court declares each insurer's allocated share of the defense costs and covered damages;

d. For such other and further relief as the Court deems proper and just.

## COUNT II
## EQUITABLE SUBROGATION
## (OLD REPUBLIC)

25. State Auto adopts by reference the allegations set forth in paragraphs 1 to 19 as if fully set forth herein.

26. Old Republic denied coverage and refused to participate in the defense of Fidelity in the Underlying Action.

27. Old Republic has a duty to provide Fidelity with a complete defense in the Underlying Action.

28. State Auto is defending Fidelity in connection with the Underlying Actions pursuant to a Reservation of Rights.

29. State Auto has and will continue to incur legal fees and other expenses in connection with the defense of Fidelity.

**WHEREFORE**, State Auto prays for damages in an amount to be determined representing legal fees and other costs incurred in connection with providing a defense to Fidelity, plus pre-judgment interest at the legal rate, State Auto's legal fees and costs in pursuing this action and such other and further relief as the justice of this cause may require.

## COUNT III
## EQUITABLE CONTRIBUTION
## (OLD REPUBLIC)

30.State Auto adopts by reference the allegations set forth in paragraphs 1 to 19 as if fully set forth herein.

31.Old Republic denied coverage and refused to participate in the defense of Fidelity.

32.State Auto is defending Fidelity in connection with the Underlying Action pursuant to a Reservation of Rights.

33.State Auto has and will continue to incur legal fees and other expenses in connection with the defense of Fidelity.

34.State Auto has paid more than its fair share of the defense obligation and is therefore entitled to contribution from Old Republic.

**WHEREFORE**, State Auto prays for damages in an amount to be determined representing legal fees and other costs incurred in connection with providing a defense to Fidelity, plus pre-judgment interest at the legal rate, State Auto's legal fees and costs in pursuing this action and such other and further relief as the justice of this cause may require.

/s/
Steven E. Leder (Bar. No. 00377)
Julie F. Maloney (Bar No. 26252)
Leder Law Group, PC
401 Washington Avenue
Suite 600
Baltimore, Maryland 21204
443-279-7900
*Attorneys for Plaintiff*
*State Automobile Mutual Ins. Co.*