IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. RDB-14-2989 |
| | * | |
| OLD REPUBLIC INSURANCE COMPANY, *et al.*, | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff State Automobile Mutual Insurance Company ("Plaintiff" or "State Automobile") brings this action against Defendants Old Republic Insurance Company ("Old Republic"), Fidelity Engineering Corporation ("Fidelity"), and AMCP-1, LLC ("AMCP-1"), seeking a declaratory judgment pursuant to 28 U.S.C. § 2201, equitable subrogation, and equitable contribution. State Automobile claims that Old Republic breached its duties to defend and indemnify Fidelity in a pending action in the Circuit Court for Anne Arundel County, Maryland (the "Underlying Action").

Currently pending before this Court are Plaintiff State Automobile's Motion for Partial Summary Judgment (ECF No. 25); Defendant Fidelity's Motion for Partial Summary Judgment (ECF No. 26); and Defendant Old Republic's Cross-Motion for Summary Judgment (ECF No. 27). On July 13, 2015 this Court held a hearing on the pending motions.

1

For the reasons that follow, Plaintiff State Automobile's Motion for Partial Summary Judgment (ECF No. 25) is GRANTED; Defendant Fidelity's Motion for Partial Summary Judgment (ECF No. 26) is GRANTED; and Defendant Old Republic's Cross-Motion for Summary Judgment (ECF No. 27) is DENIED. In sum, Old Republic has a duty to defend Fidelity in the Underlying Action.[1]

## BACKGROUND

In ruling on a motion for summary judgment, this Court reviews the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *see also Hardwick ex rel. Hardwick v. Heyward*, 711 F.3d 426, 433 (4th Cir. 2013). When both parties file motions for summary judgment, as here, the court applies the same standard of review to both motions, with this Court considering "each motion separately on its own merits to determine whether either [side] deserves judgment as a matter of law." *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003), *cert denied*, 540 U.S. 822 (2003); *see also havePower, LLC v. Gen. Elec. Co.*, 256 F. Supp. 2d 402, 406 (D. Md. 2003) (citing 10A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2720 (3d ed. 1983)). During the July 13, 2010 hearing, the parties agreed that, in the present action, no facts are at issue.

The subject action arises out of successive commercial general liability ("CGL") policies issued by Defendant Old Republic and Plaintiff State Automobile to Defendant

---

[1] This Memorandum Opinion addresses only Old Republic's duty to defend Fidelity in the Underlying Action. The issue of indemnification and the determination of each insurer's share of defense costs will be resolved at the conclusion of the Underlying Action in the Circuit Court for Anne Arundel County. The parties acknowledged at the hearing of July 13, 2015 that these issues must be resolved by that court.

Fidelity. Mem. in Supp. of Pl.'s Mot. for Partial Summ. J., 3, ECF No. 25-1. Old Republic issued two policies to Fidelity, the first running from April 1, 2008-April 1, 2009, and the second from April 1, 2009-April 1, 2010. *Id.* State Auto then issued Fidelity four policies, running in sum from April 1, 2010-April 1, 2014. *Id.* at 3-4. Under the policies, each insurer agreed to defend Fidelity against any suit seeking damages for "property damage" caused by an "occurrence." Pl.'s Mot. for Partial Summ. J. Exs. E, F, ECF Nos. 25-6, 25-7 (Old Republic CGL Policies). Essentially, the Old Republic and State Automobile policies were identical and adopted the language of the standard 1986 CGL policy.

In May 2008, Defendant AMCP-1 entered into a contract with Hostetter Construction Corporation ("Hostetter") to construct a mixed office/retail building in Anne Arundel County, Maryland (the "Project"). *Id.* at 2. Hostetter then contracted with Fidelity, wherein Fidelity would perform all HVAC and plumbing requirements for the Project. *Id.* Fidelity agreed to provide all labor and necessary equipment and materials to install the HVAC system, including all related piping. *Id.* Fidelity also agreed to perform the initial treatment of the water in the HVAC system, as well as all water treatments for a period of one year following the completion of the Project. *Id.* Fidelity, in turn, entered into a sub-contract with Hydro-Logic, Inc. ("Hydro-Logic") to perform the stipulated water treatment. *Id.*

On August 30, 2013, AMCP-1 filed the Underlying Action in the Circuit Court for Anne Arundel County against Fidelity,[2] alleging that Fidelity failed to perform the necessary HVAC water treatment, resulting in damage to the pipes and other components of the HVAC system.[3] *Id.* AMCP-1 claims that the alleged leaks began during the "Spring of 2010," but does not provide a more specific timeframe. *Id.* at 3. During Fidelity's investigation into the source of the leaks in the HVAC system, it discovered that the water had never been treated. *Id.* Although Fidelity attempted to repair the system, AMCP-1 contends that it continued to experience leaks in the pipes and other consequential damages. *Id.* According to AMCP-1, any equipment exposed to the untreated water required replacing. *Id.*

When Fidelity notified State Auto and Old Republic of the Underlying Action, State Auto accepted its duty to defend, pursuant to a reservation of rights. *Id.* at 4. Old Republic denied coverage, informing Fidelity that the property damage at issue was not an "occurrence" within the meaning of the CGL policy. *Id.* State Auto filed the subject action on September 22, 2014, seeking a declaratory judgment ordering Old Republic to participate in the defense of Fidelity in the Underlying Action and indemnify Fidelity, if needed. Compl., ECF No. 1. State Auto subsequently moved for partial summary judgment solely on the issue of the duty to defend. Pl.'s Mot. for Partial Summ. J., ECF No. 25. Fidelity has also moved for partial summary judgment on the issue of Old Republic's duty to defend. Fidelity's Mot. for Partial Summ. J., ECF No. 26. In response, Old Republic filed a Cross-

---

[2] The Underlying Action, *AMCP-1, LLC v. Fidelity Engineering Corp.*, Case No. 02-C-13-181445, remains pending in the Circuit Court for Anne Arundel County. *Id.*
[3] Fidelity has filed a third-party complaint in the Underlying Action against Hydro-Logic for indemnification and/or contribution. *Id.*

Motion for Summary Judgment (ECF No. 27), denying any duties to defend or indemnify Fidelity in the Underlying Action.

## STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one that "might affect the outcome of the suit under the governing law." *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. When considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Id.* at 249.

In undertaking this inquiry, this Court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Libertarian Party of Va.*, 718 F.3d at 312; *see also Scott v. Harris*, 550 U.S. 372, 378 (2007). In so doing, this Court "must not weigh evidence or make credibility determinations." *Foster v. University of Md.-Eastern Shore*, --- F.3d ----, 2015 WL 2405266, *3 (4th Cir. May 21, 2015) (citing *Mercantile Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007)). However, this Court must also abide by its affirmative obligation to prevent factually unsupported claims and defenses from going to trial. *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993). If the evidence presented by the

nonmoving party is merely colorable, or is not significantly probative, summary judgment must be granted. *Anderson*, 477 U.S. at 249-50. On the other hand, a party opposing summary judgment must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *see also In re Apex Express Corp.*, 190 F.3d 624, 633 (4th Cir. 1999). As this Court has previously explained, a "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala,* 166 F. Supp. 2d 373, 375 (D. Md. 2001) (citations omitted).

## ANALYSIS

This Court will consider State Automobile's Motion for Partial Summary Judgment and Fidelity's Motion for Partial Summary Judgment together, as Fidelity specifically incorporated State Automobile's arguments for partial summary judgment.[4] Old Republic's Response to Plaintiff's Motion for Partial Summary Judgment is styled as both a response and a cross-motion for summary judgment. Old Republic's grounds for summary judgment will thus be examined in concert with State Automobile and Fidelity's respective motions.

In moving for partial summary judgment, State Automobile and Fidelity contend that the property damages alleged by AMCP-1 in the Underlying Act constitute an "occurrence" covered by the CGL policy held by Fidelity. As an "occurrence," Old Republic, like State Automobile, owes Fidelity a duty to defend under Maryland law. In response, Old Republic

---

[4] Although Fidelity incorporated State Automobile's arguments for partial summary judgment, it explicitly rejected Plaintiff's contention that Fidelity may not be indemnified for the costs of repairing Hydro-Logic's defective work. Mem. in Supp. of Fidelity's Mot. for Partial Summ. J., 5, ECF No. 26-1. Fidelity wishes to reserve the right to seek indemnification for any damages stemming from the Underlying Action. *Id.*

6

argues that no "occurrence" transpired, thereby forestalling any obligations of Old Republic to defend Fidelity. Even if the alleged property damages are an "occurrence," Old Republic states that Exclusions b and l remove such damages from the purview of the CGL policy. Each argument will be addressed in turn.

### A. The Duty to Defend

In Maryland, the duty of an insurer to defend the insured is "determined by the allegations in the tort actions." *Brohawn v. Transamerica Ins. Co.*, 347 A.2d 842, 850 (Md. 1975). If the underlying claims are clearly covered by the insurance policy, then the insurer is obligated to defend the insured. *Id.* Yet, under the "potentiality rule," the insurer has a duty to defend the insured "[e]ven if the [underlying] plaintiff does not allege facts which clearly bring the claim within or without the policy coverage." *Id.* (internal citations omitted). The "potentiality rule" thus broadens the insurer's duty to defend beyond the scope of the duty to indemnify. *Id.* As a result, the allegations in the underlying complaint may trigger the duty to defend where it is unclear whether the insurer is ultimately obligated to indemnify the insured. *Id.*; *see also St. Paul Fire & Mar. Ins. v. Pryseki*, 438 A.2d 282, 285 (Md. 1981). Where the duty to defend is contested, an insurer may not look outside the underlying pleadings to deny its obligations. *Aetna Cas. & Sur. Co. v. Cochran*, 651 A.2d 859, 863 (Md. 1995). An insured, however, may use extrinsic evidence to establish the potentiality of coverage. *Id.* at 866.

Under the standard 1986 CGL policy,[5] an insurer agrees to pay:

> Those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. [The insurer] will have the right and duty to defend the insured against any "suit" seeking those damages. However, [the insurer] will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

Pl.'s Mot. for Partial Summ. J. Exs. E, F (Old Republic CGL Policies). To trigger the duty to defend, the requisite property damages must be the result of an "occurrence. The United States Court of Appeals for the Fourth Circuit in *French v. Assurance Co.*, 448 F.3d 693 (4th Cir. 2006), has addressed the precise issue before this Court in discussing the meaning of an "occurrence." If there is no "occurrence," then the insurer has no obligation to defend. *Id.* An "occurrence" is an "accident, including continuous or repeated exposure to substantially the same general harmful conditions." Pl.'s Mot. for Partial Summ. J. Ex. E, at 24. In Maryland, an "accident" is an "act of negligence . . . [where] the resulting damage takes place without the insured's actual foresight or expectation." *French*, 448 F.3d at 698 (citing *Sheets v. Brethren Mut. Ins. Co.*, 679 A.2d 540, 548 (Md. 1996)). As the Maryland Court of Appeals explained, Maryland uses a subjective test because an objective test that "excludes coverage for damage that should have been foreseen or expected by the insured . . . would rend[er] [CGL policies] all but meaningless." *Sheets*, 679 A.2d at 549.

When determining whether an "occurrence" transpired, Maryland law divides property damages into two categories. *French*, 448 F.3d at 703. The first category—

---

[5] Old Republic provided insurance coverage to Fidelity under the standard 1986 CGL policy. *See* Pl.'s Mot. for Partial Summ. J. Exs. E, F.

foreseeable or expected damage—is not an "occurrence," and thus implicates no obligations of the insurer under the CGL policy. *Id.* (citing *Lerner Corp. v. Assurance Co. of America*, 707 A.2d 906, 912-13 (Md. Court Spec. App. 1998)). The second category—damage to "otherwise nondefective" work—is unexpected and unforeseen, thereby triggering the duty of the insurer to defend the insured. *French*, 448 F.3d at 703-704.

In this case, the allegations in the Underlying Action constitute an "occurrence" under the CGL policy, thereby triggering Old Republic's duty to defend Fidelity. At least a portion of the property damages alleged by AMCP-1 fall within the second category articulated by the United States Court of Appeals for the Fourth Circuit in *French*, 448 F.3d at 703-704.[6] Otherwise non-defective components in the HVAC system, such as the pipes installed by Fidelity, allegedly suffered damage in the "Spring of 2010" due to Hydro-Logic's failure to treat the HVAC water. This damage resulted in AMCP-1's tenants' loss of use of the affected pipes, forcing AMCP-1 to compensate its tenants for such losses. Fidelity's Mot. for Partial Summ. J. Ex. 1, ECF No. 26-2 (AMCP-1's Answers to Interrogatories). There is no evidence that Fidelity subjectively expected that the non-defective pipes and other HVAC components would incur damage from untreated water. In fact, AMCP-1's underlying allegations do not even assert a claim that Fidelity expected its sub-contractor, Hydro-Logic, to fail to perform the contracted water treatment. As in *French*, the damage to the pipes was

---

[6] As Fidelity expressly reserves its right to seek indemnification for any damages arising from the Underlying Action, this Court will not consider whether the costs of repairing the defective work—here, Hydro-Logic's failure to treat the water for the HVAC system—are covered under the CGL policy. The damage to otherwise non-defective components, such as the pipes and other parts of the HVAC system, is an "occurrence" sufficient to trigger Old Republic's duty to defend.

9

unforeseeable, and thus constitutes an "occurrence." Since Old Republic did not end its coverage of Fidelity until April 1, 2010, the "occurrence" potentially transpired during its coverage period. Under the potentiality rule, Old Republic is obligated to defend Fidelity in the Underlying Action.

Old Republic urges this Court to ignore the controlling authority of the Fourth Circuit's reasoning in *French*, instead asserting that damage sustained by any part of the HVAC system is foreseeable. In the case of foreseeable damage, there is no "occurrence," and thus no duty to defend.[7] Relying on *Woodfin Equities Corp. v. Harford Mut. Ins. Co.*, 678 A.2d 116, 133 (Md. Ct. Spec. App. 1996), *rev'd in part on other grounds*, 687 A.2d 652 (Md. 1997), Old Republic contends that any damage to the pipes is damage to the "product or completed work of the insured," which is not an "occurrence" under the CGL policy. Under this reasoning, the insured is not covered for damage to any work that he contracted to provide. This Court reached a similar conclusion in *Harbor Court Assoc. v. Kiewit Construction Co.*, 6 F. Supp. 2d 449 (D. Md. 1998). In *Harbor Court*, this Court held that the general contractor is responsible for the entire project, thus any damage to a part of that project is not an "occurrence." *Id.* at 457.

Yet, the Fourth Circuit rejected this narrow definition of "occurrence" in *French*.[8] First, the Fourth Circuit acknowledged that the Maryland Court of Appeals has yet to

---

[7] Old Republic does not dispute that, if there is an occurrence, its duty to defend is triggered under the potentiality rule. Old Republic's coverage of Fidelity concluded on April 1, 2010, but the leaks allegedly began at some point in the "Spring of 2010." Old Republic thus potentially insured Fidelity when the property damages were allegedly sustained.

[8] Although the Fourth Circuit never explicitly overrules *Harbor Court*, the reasoning behind its classification of the

10

consider this particular issue. *French*, 448 F.3d at 703.  *Dicta* in *Lerner Corp.*, 707 A.2d at 912-13 and a "thoughtful opinion" by the Supreme Court of Wisconsin, *American Family Mut. Ins. Co. v. American Girl, Inc.*, 673 N.W.2d 65 (Wis. 2004), however, "conclusively persuade[d]" the Fourth Circuit that the damage to otherwise non-defective components caused by a sub-contractor's defective work is an "occurrence." *French*, 448 F.3d at 703. In *French*, as here, the insured contracted with a sub-contractor to perform a subset of the insured's work. The sub-contractor's defective work then allegedly damaged other parts of the insured's project. The non-defective parts affected by the sub-contractor's negligence were thus a component of the larger project for which the insured was responsible. In this case, Hydro-Logic's failure to treat the water may have resulted in damage to other parts of the HVAC system. Although Fidelity contracted to provide a HVAC system, its sub-contractor's defective work caused the damage to non-defective HVAC components. As in *French*, this damage is an "occurrence" that triggers Old Republic's duty to defend.

### B. Coverage Exclusions

In Maryland, an insurer relying on a CGL policy exclusion to deny coverage bears the burden of proving that the exclusion applies. *Finci v. Am. Cas. Co.*, 593 A.2d 1069, 1087 (Md. 1991); *Warfield-Dorsey Co. v. Travelers Cas. & Sur. Co. of Illinois*, 66 F. Supp. 2d 681, 689 (D. Md. 1999). Neither exclusion offered by Old Republic—Exclusions b or l—releases Old Republic from its duty to defend. Exclusion b, the "Contractual Liability" Exclusion, excludes coverage for damage "which the insured is obligated to pay by reason of the

---

second category of damages as an "occurrence" flatly contradicts the principles of *Harbor Court* (and *Woodfin*).

assumption of liability in a contract or agreement." Pl.'s Mot. for Partial Summ. J. Ex. E, at 12. Relying on *Chang v. Brethren Mut. Ins. Co.*, 897 A.2d 854, 866 (Md. 2006), Old Republic argues that Exclusion b thereby excludes coverage for any and all liability arising out of a contract between the insured and the complaining party. Yet, the Maryland Court of Appeals extended this exclusion to all contractual liability solely in *dicta*. Given the lack of controlling authority in Maryland, this Court is persuaded by the Fourth Circuit's narrower interpretation of the contractual liability exclusion. In *Provident Bank of Maryland v. Travelers Property Cas. Corp.*, 236 F.3d 138, 148 (4th Cir. 2000), the Fourth Circuit concluded that Exclusion b's coverage is limited to agreements "by the insured to indemnify or hold harmless third parties[.]" This interpretation distinguishes between those "obligations that the insured *assumed* [and those] obligations that it *incurred*." *Id.* (emphasis in original). Fidelity certainly incurred the obligation to provide a functioning HVAC system when it entered into the contract with Hostetter, but it did not contract to assume to liability of any third party. Absent such an assumption of liability, Exclusion b does not apply.

Exclusion l, the "Damage to Your Work" Exclusion, excludes coverage to any "'property damage' to 'your work' arising out of it or any part of it[.]" Pl.'s Mot. for Partial Summ. J. Ex. E, at 15. If the "damaged work or the work out of which the damage arises was performed on your behalf by a sub-contractor," then Exclusion l does not preclude coverage. *Id.* Hydro-Logic, Fidelity's sub-contractor, performed defective work by failing to treat the water for the HVAC system. Even if Fidelity's own work sustained the damage at issue, Fidelity's sub-contractor performed the defective work that directly caused the

12

damage. Exclusion l is thus inapplicable under the plain language of the "sub-contractor" exception.

In sum, the allegations of the Underlying Action sufficiently establish an "occurrence" under the CGL issued by Old Republic. Moreover, neither Exclusion b nor Exclusion l precludes coverage. Accordingly, Old Republic has a duty to defend Fidelity in the Underlying Action.

## CONCLUSION

Plaintiff State Automobile's Motion for Partial Summary Judgment (ECF No. 25) is GRANTED; Defendant Fidelity's Motion for Partial Summary Judgment (ECF No. 26) is GRANTED; and Defendant Old Republic's Cross-Motion for Summary Judgment (ECF No. 27) is DENIED. Old Republic has a duty to defend Fidelity in the Underlying Action.

A separate Order follows.


Dated: July 16, 2015                              ____/s/_____
                                                  Richard D. Bennett
                                                  United States District Judge